JOHN BURTON *v.* CITY OF RUTLAND.

May Term, 1913.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed October 27, 1913.

*Municipal Corporations— Contracts — Performance — Fraud — Changes by City Engineer — Acceptance — Exceptions to Charge—Sufficiency.*

Where the "form of proposal and contract," with reference to which bids were asked by a city for the construction of a concrete bridge,

provided that the gravel or crushed stone used in the concrete should not exceed a designated size, but that the city engineer might make "any alterations in line, grade, plan, form, position, dimension, or material of work" either before or after the commencement of construction, it was not fraud as matter of law for a contractor, in advance of his bid, to ascertain from the city engineer that he would permit the use of broken stone of a size larger than that specified, if well embedded in concrete, and so that question was properly submitted to the jury.

Where a contractor, before he made his bid for the construction of a concrete bridge for a city, was told by the city engineer that stone of a larger size than that specified might be used in the concrete, which was done, and during the progress of the work the engineer was kept informed of the way in which it was being done, and told the inspector in charge of what he had informed the contractor, the change in this respect was authorized by the engineer.

Where the contract with a city for the construction of a concrete bridge provided that the gravel or crushed stone used in the concrete should be of a designated size, but that the city engineer might make "any alteration in the line, grade, plan, form, position, dimension, or material of the work," either before or after the commencement of construction, the city engineer could authorize the use of larger stone in the concrete than that specified, if well embedded, where the bridge as so constructed was as strong and efficient as though the larger stone had not been used.

Where the commissioner of public works, thereunto duly authorized, contracted in behalf of the city for the construction of a concrete bridge, and accepted the work with information of the real facts concerning the performance of the contract, the city was bound by his acceptance, though he had no personal knowledge of the details of the work, which were in charge of an inspector acting for the city.

Under the charter of the City of Rutland, No. 249, Acts 1908, which establishes a department of public works, provides for a commissioner of public works, gives him exclusive control of streets and bridges and recognizes his right to incur indebtedness in respect thereof, but provides that "no money shall be paid out of the city treasury except upon warrant signed by the mayor for bills approved by the board of finance," the commissioner having made a contract for the construction of a bridge, which authorized him

to accept the work, could bind the city by his acceptance thereof, regardless of any action by the board of finance.

A naked exception to the charge of the court on the subject-matter of five requested instructions is too general to reserve any question.

GENERAL ASSUMPSIT. Plea, the general issue. Trial by jury at the September Term, 1912, Rutland County, *Waterman,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*M. C. Webber* and *W. S. Fenton* for the defendant.

*T. W. Moloney* for the plaintiff.

HASELTON, J. The action is assumpsit in the common counts. The general issue was pleaded, trial by jury was had, and verdict and judgment were for the plaintiffs for the amount of their specification. The defendant excepted.

The plaintiffs, John Burton and James E. Creed, contracted with the City of Rutland to build a certain concrete bridge over Tenny Brook, so-called, and the specification, for the amount of which they had verdict and judgment, was for 154½ cubic yards, that is to say, for a total of $1,120.12. At the close of the evidence the defendant moved for the direction of a verdict in its favor upon each of three grounds. The motion was overruled and the defendant excepted. We first consider this exception.

The first ground of the motion was the claim that the contract with the city was procured by fraud and is not binding on the city, that there was collusion between the city engineer and the plaintiff Creed before the bid hereinafter referred to was made.

It appeared that the defendant city advertised for bids for this work and rejected all bids received; and that thereafter they advertised a second time and gave notice that the "form of proposal and contract" might be obtained of the city clerk. This form of contract specified that the ingredients of the concrete should be sand, cement, and gravel, or crushed stone, and provided that the gravel, or crushed stone, should consist of pebbles or fragments of various sizes, and that no pebble or frag-

ment should be more than two inches nor less than one-fourth of an inch in its greatest diameter.

The specifications were in many other respects drawn with particularity, but they contained the provision that the city engineer might make "any alterations in line, grade, plan, form, position, dimension, or material of the work" either before or after the commencement of construction.

It appeared in evidence that, in building the side walls, broken stone of larger size than that specified in the contract, some of them of much larger size, had been embedded in the concrete; and it further appeared, or at least the evidence tended to show, that before making their bid the plaintiffs had ascertained of the city engineer. that he would permit the use of such material if the stone were well embedded in the concrete, and that in fact the walls so constructed were as strong, durable, and good for all purposes as though the larger stones had not been used.

The defendant, however, claims that the information imparted by the city engineer in advance of the bid constituted fraud and collusion as matter of law and prevents recovery under the contract. Whether or not other bidders made inquiries of the city engineer does not appear. But with a provision in the proposed contract that the city engineer might make any changes in material, proposed bidders could not well know what they were bidding on by reference to the form of the contract alone. The information given by the city engineer was apparently imparted with a view to the interests of the city. Fraud and collusion do not appear as matter of law. The question of fraud was submitted to the jury, and the defendant could ask for no more in that regard. The verdict of the jury negatived fraud against the city.

The second ground of the defendant's motion for a verdict is based on the claim that no change in respect to material was authorized by the city engineer after the contract was made. But the evidence tended to show that the engineer was kept informed of the way in which the work was being done, and that he authorized it to be done in the way in which it was. The immediate supervision of the work was under an inspector provided for by the contract, and the evidence tended to show that the engineer told the inspector that the use of these large stones if properly embedded would be acceptable, and that the engineer

told the inspector of the information which he had given the plaintiffs before they signed the contract or made their bid.

The trial judge recites in the exceptions that the plaintiffs' evidence tended to show consent to the use of the large stones given by the engineer after the contract was entered into and during the progress of the work, and this statement of the evidence is borne out by the transcript, particularly by the transcript of the testimony of the inspector.

The defendant says that under the contract the engineer had no authority to make such nor so much of a change in material as he did. But we think otherwise, since the broad authority to make changes is as much a part of the contract as any other part.

The third ground of defendant's motion for a verdict is that the work was never accepted by anybody having authority to accept it, but that on the contrary, it was rejected because the certificate of the engineer was inconsistent with the terms of the contract and contrary to the fact.

The city engineer made a certificate of the work as done in accordance with the contract and of the amount due thereunder. This certificate was made in pursuance of the contract.

The commissioner of public works, who entered into the contract in behalf of the city, accepted the work; but the defendant says that the commissioner had no personal knowledge of the use of the large stone and that, so far as the evidence shows, he acted without knowledge of the facts. But the evidence tends to show that he acted upon information of the real facts, and if so, his acceptance bound the city so far as he could bind it, for personal knowledge on his part of the details of work carried on under the eye of an inspector was not requisite to a valid acceptance.

The defendant, however, says that the commissioner of public works could not bind the city, but that the board of finance only could do that. The contract was made by the commissioner of public works under charter authority and undertook to authorize him to accept the work. But the defendant in effect claims or suggests that the board of finance was the body to accept the work. This claim or suggestion is, we think, erroneous.

The charter of the City of Rutland, which was in evidence, establishes a department of public works, provides for a com-

missioner of public works, gives him in respect to works like that in question the powers of road commissioners and selectmen in towns, and recognizes his right to incur indebtedness. Acts of 1908, No. 249, §§107, 108, 160, 162, 166.

The duties of the board of finance, as defined by the charter are, not to accept or reject work done under contracts made by the city through its proper officials, but are what the phrase "board of finance" plainly imports. Here the board of finance refused to pay for the work, and so the defendant says that the work was rejected; but it was not rejected, for they had no power to reject it, and their refusal to pay or to authorize payment had no other effect than to perfect the plaintiff's cause of action if it was made out in other respects, and was not perfected without such refusal, a matter about which we say nothing.

The charter indeed provides that "no money shall be paid out of the city treasury except upon warrant signed by the mayor for bills approved by the board of finance." But this provision, a usual one in its general features, does not prevent the creditors of the city from resorting to actions against it.

The defendant excepted to the refusal of the court to charge in accordance with certain of its requests and relies upon the refusal of the court to charge in accordance with its requests, numbers 3, 4, 5, 6, 8 and 9.

Requests 3 and 4 presented claims as to the powers of the board of finance, claims already considered. Other requests so far as they were not complied with asked the court, in effect, to charge the jury that the engineer had no authority to authorize the use of the large stones already referred to. But this claim we have already passed upon and have ruled against the contention of the defendant.

The defendant in arguing these requests says that authority on the part of the engineer to make such changes leaves it without any protection against improper and inefficient work. But the defendant is afforded just such protection as it stipulated for in the contract.

These requests to charge raise again the question of bad faith as matter of law in consequence of an understanding prior to the bids. But this question, as has already been stated, was properly submitted to the jury.

The defendant asked for an instruction that the certificate of the engineer as to the amount of work done under the contract is not such a certificate as the contract calls for and does not operate as such. But it appears to be such a certificate as the contract calls for and it operates as such unless impeached for fraud; and whether or not it was so impeached was properly submitted to the jury.

It should be mentioned here that when the certificate was offered in evidence it was objected to and an exception was taken to its admission. But since it conformed to the requirements of the contract it was properly received, and after what had been said no discussion of its admissibility is needed.

The defendant also excepted to the charge of the court upon the subject matter of these five requests. But this general exception called the attention of the trial court to no error nor claimed error, and in accordance with the well settled practice we must decline to analyze the charge in response to this exception.

*Judgment affirmed.*